Case 4:23-cv-00334-SDJ-AGD   Document 3   Filed 04/17/23   Page 1 of 5 PageID #: 30

FILED: 12/30/2022 2:12 PM
David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-11005-158

Cause No:_____

| | | |
|---|---|---|
| **ALLAN H DONALDSON,** | ) | **IN THE DISTRICT COURT** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | _____**JUDICIAL DISTRICT** |
| | ) | |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURED SECURITIES AXQUISITION TRUST 2019-HBI c/o FINANCE OF AMERICA REVERSE LLC** | ) ) ) ) ) ) ) ) | |
| **Defendant.** | ) | **OF DENTON COUNTY, TEXAS** |

### PLAINTFF'S ORIGINAL PETITION AND STAY OF ORDER TO PROCEED WITH EXPEDITED FORECLOSURE UNDER TEX. RULE CIVIL PROCEDURE 736 IN CAUSE NO. 21-10774-393

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Allan H Donaldson, hereinafter called Plaintiff, by and through his attorney, Robert C. Newark, III, and files this Original Petition and in support thereof would show unto the Court the following:

### NOTICE UNDER TEX R. CIV P. 736.11

1. This lawsuit is filed pursuant to Tex. R. Civ. P. 736.11 Automatic Stay and Dismissal if Independent Suit is filed. Defendant filed and obtained an Order to Sale in Denton County District Court Case No. 21-10774-393. Such proceeding was conducted under the Expedited Foreclosure Rules, Tex. R. Civ. P. 736, *et seq.* Tex R. Civ. P 736.11 states that an Order of Sale is automatically stayed by the filing of this action, which is a separate, original proceeding in a court of competent jurisdiction that puts in issue the constitutionality of the matter related to the origination of the complained of loan, lien, servicing, and enforcement of

1

Copy from re:SearchTX

the loan agreement, contract, and lie sought to be foreclosed. This lawsuit was filed prior to 5:00 pm on the Monday, April 4, 2022, before the scheduled foreclosure sale, which is April 5, 2022. Tex. R. Civ. P. 736.11.

## JURISDICTION AND VENUE

2.This Court has jurisdiction over the Defendant because the actions complained of herein all occurred in Denton County, Texas. Furthermore, the real property which is subject of this lawsuit is located in Denton County, Texas. Venue is also proper in Denton County, Texas.

## PARTIES

3.Plaintiff, Allan H Donaldson, is an individual that resides in Denton County, Texas.

4.Defendant, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURED SECURITIES AXQUISITION TRUST 2019-HB1 C/O FINANCE OF AMERICA REVERSE LLC (hereinafter referred to as "Lienholder") is a foreign entity doing business in Denton County, State of Texas and is the purported holder of the Lein(s) held by Defendant and obtained the Order of Sale both which are subject to this Petition. Lienhold may be served with process through its registered agent at any address where its registered agent may be found

## FACTUAL BACKGROUND

5.Plaintiff is the owner of property located at 3801 Pine Ct, Flower Mound, TX 75028-1292 (hereinafter referred to as the "Property").

6.Plaintiff has always disputed the amount owed to the Lienholder and the Lienholder's ability to enforce the lien when the balance was in dispute.

Copy from re:SearchTX

7.  On or about December 8, 2021, Lienholder caused a case to be filed in Denton County, Texas to enforce the Lein(s) held by Defendant.

8.  Lienholder moved and obtained a default judgment on January 31, 2022.

9.  Under Rule 736.8, Plaintiff is unable to appeal the January 31, 2022 order, seek a new trial, or a bill of review

## COUNT I: DECLARATORY JUDGMENT

10. Plaintiff hereby incorporates all of the paragraphs above, as if each was fully set forth herein.

11. Plaintiff bring this claim for a declaratory judgment under Section 37.001, et seq., of the Texas Civil Practices and Remedies Code.

12. There exists an actual and substantial controversy between the parties herein that would be terminated by the granting of the declaratory judgment.

13. As previously stated, Plaintiff has not been provided the evidence to show that Lienholder has any right to continue the enforcement of Lein(s) held by Defendant.

14. As such, traditional enforcement remedies such as foreclosure are not available to Defendant. Accordingly, Plaintiff seeks a judgment declaring Defendant's right to foreclosure on the Notice of Liens constitutionally unenforceable in perpetuity.

15. Therefore, Plaintiff seeks a declaratory judgment declaring the Notice of Lien void ab initio; that any purported lien evidenced by the Lein(s) held by Defendant is void; and that such purported lien does not constitute a lien or encumbrance against the Property.

Copy from re:SearchTX

## ATTORNEY'S FEES

16. Plaintiff are entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

## DISCOVERY – DISCLOSURES - TRCP 194.2

17. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff request that Defendant disclose the information and material described in Rule 194.2 within 50 days of service.

## NOTICE – TRCP 193.7

18. Plaintiff hereby put Defendant on notice that Plaintiff intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

## CONDITIONS PRECEDENT

19. All conditions precedent to the Plaintiff' right to bring theses causes of action have been performed, have occurred, or have been waived.

## RULE 47 DECLARATIONS

20. By reason of all the above and foregoing it has become necessary to bring this suit for which it is now brought in a just and reasonable sum greatly in excess of the jurisdictional limits of this Honorable Court, together with all interest, pre and post judgment to which Plaintiff is entitled by law. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff' counsel states that Plaintiff seek monetary relief of $250,000.00 but not more than $1,000,000.00.

Copy from re:SearchTX

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that:

a. The Defendant be cited to appear and answer herein;

b. That on final trial thereof, Plaintiff be awarded declaratory judgment as requested herein decreeing that the purported lien evidenced by the Lein(s) held by Defendant are void ad inito;

c. That Plaintiff have and recover a judgment from and against Defendant for the forfeiture of all principal and interest on the Notices of Lien including, but not limited to a judgment from and against Defendant for payment of all principal and interest paid by Plaintiff to Defendant through the date of final judgment, together with prejudgment and postjudgment interest as allowed by law;

d. That Plaintiff be awarded exemplary damages, costs and reasonable and necessary attorney's fees; and

e. For such other and further relief that Plaintiff may be awarded at law and in equity.

RESPECTFULLY SUBMITTED,

A Newark Firm
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
Telephone:    (866)230-7236
Facsimile:    (888)316-3398
Email:    robert@newarkfirm.com

By:  /s/Robert C. Newark, III
Robert C. Newark, III
Texas Bar No. 24040097
Oklahoma Bar No. 21992
ATTORNEY FOR PLAINTIFF

5

Copy from re:SearchTX